**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DATAMAXX APPLIED TECHNOLOGIES, INC., KAY STEPHENSON, and STEPHANI MILLER,<br>Plaintiffs,<br><br>v.<br><br>GOLD TYPE BUSINESS MACHINES, INC. and JOHN T. AMBROSIO, ESQ., as Escrow Agent,<br><br>Defendants. | Civil Action No. 1:26-cv-01202-KPF<br><br>**STIPULATED ESI PROTOCOL AND ORDER** |

The parties to the above-captioned action—Plaintiffs Datamaxx Applied Technologies, Inc., Kay Stephenson, and Stephani Miller, and Defendant Gold Type Business Machines, Inc. (collectively, the "Parties")—hereby stipulate and agree to the following protocols relating to the discovery of electronically stored information, including digitized hard copy documents ("ESI"), which shall supplement the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and the Individual Rules of Practice in Civil Cases of Judge Katherine Polk Failla.

## I. DEFINITIONS

A. "**Confidentiality Designation**" means the legend affixed to Documents as "CONFIDENTIAL" as defined by, and subject to, the terms of the Stipulation and Protective Order entered or to be entered by the Court in this action (the "Protective Order").

B. "**Document**" or "**Documents**" means any writing however recorded, including handwriting, typewriting, printing, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols, or

combinations thereof, and any record created thereby, regardless of the manner in which the record has been stored, and also specifically includes Electronically Stored Information and Hard-Copy Documents.

C. "**Electronically stored information**" or "**ESI**," means any Document or Documents stored or transmitted in electronic form, including but not limited to e-mail, text messages, and documents created on computers, such as Word documents and spreadsheets.

D. "**Include**" and "**Including**" shall be construed to mean "include but not be limited to" and "including, but not limited to."

E. "**Native Format**" means and refers to the format of ESI in which it was generated and/or as used by the Producing Party in the usual course of its business. For example, the Native Format of an Excel workbook is a .xls or .xlsx file.

F. "**Optical Character Recognition**" or "**OCR**" means the process of recognizing, and creating a file containing, visible text within an image.

G. "**Producing Party**" means and refers to the Party who produces certain documents in response to a request for the production of Documents.

H. "**Requesting Party**" means and refers to the Party that serves a request for the production of Documents.

I. "**Searchable Text**" means the text extracted or generated using OCR from any Document, which allows the Document to be electronically searched.

## II. <u>IDENTIFICATION OF RESPONSIVE ESI</u>

A Producing Party shall undertake a reasonable inquiry to identify all reasonably accessible sources of ESI (e.g., email, workstations, mobile devices, servers, shared drives, and electronic

messaging tools) likely to contain material responsive to a Requesting Party's document requests ("Responsive Sources") consistent with the proportionality requirements of Rule 26(b)(1).

The Parties agree that in responding to document requests, they will employ reasonable methods and protocols—including the use of date ranges, document custodians, and search terms and/or other automated search and review technology—to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

## III. EXTRACTION AND REVIEW OF ESI

A. De-Duplication. A Producing Party may remove Documents identified as duplicative using a commercially reasonable and defensible deduplication methodology, provided that reasonably available information identifying all custodians possessing each duplicate Document is preserved and produced. Documents containing materially different content, attachments, or revisions shall not be treated as duplicates.

B. Searchable Text. Text must be extracted directly from the native electronic file of ESI unless the Document requires redaction, is an image file, or is any other native electronic file that does not contain text to extract (e.g., non-searchable PDFs), in which case Searchable Text shall be created using OCR, if possible.

## IV. PRODUCTION OF ESI

A. General. Responsive ESI shall be produced in a reasonably usable form that preserves its substantive content, searchability, and material metadata. Spreadsheets, databases, presentations, audio/video files, and other documents whose usefulness depends upon their native functionality shall be produced in native format. Emails may be produced in native format or in a reasonably usable searchable format that preserves family relationships, attachments, and relevant metadata. The parties shall meet and confer in good faith concerning any disputed production-

format issue. Metadata shall be produced only to the extent reasonably available and capable of extraction through ordinary electronic discovery processes, including file name, file type, custodian, date of creation, and date last modified. No Party shall be required to create or manually populate unavailable metadata fields, except for reasonably necessary Bates, custodial, and document-family identifiers, or to disclose privileged or otherwise protected information through metadata.

B. Privilege. The Parties will exchange privilege logs in accordance with the Parties' Case Management Plan that comply with Rule 26.

## V. REDACTED DOCUMENTS

Redactions shall identify in some manner (such as through highlighting in black or through the use of redaction boxes) the location and extent of redacted information. The text that was redacted shall not be included in a redacted document's text file. Where a responsive document contains both redacted and unredacted content, the Producing Party shall produce the remainder of the unredacted portions of the document and the text/OCR corresponding only to the unredacted portions. E-mail header information (e.g., date, subject line, etc.) should not be redacted unless it is independently privileged or otherwise properly subject to redaction.

Redacted versions of spreadsheets, computer slide presentations, etc. may be produced with TIFF image files and OCR in lieu of a native file, TIFF placeholder image and extracted text file. Any metadata fields for redacted documents that would reveal privileged information shall be excluded. Each Producing Party will make reasonable efforts to ensure that its production reveals non-privileged hidden data from redacted native files and will be formatted so as to be readable. The Parties shall honor reasonable requests for the production of particular redacted documents in other formats where the TIFF image is not reasonably usable.

## VI. COOPERATION

The Parties recognize that the stipulated ESI protocols are based on the facts and circumstances as they are currently known, and that amendments may become necessary as the action proceeds. This stipulation may be amended by written agreement of the Parties. The Parties will meet and confer to resolve any dispute regarding the application of this ESI Protocol before seeking Court intervention, which shall be sought in accordance with Rule 2(C)(ii) of Judge Failla's Individual Rules of Practice in Civil Cases.

**SO STIPULATED AND AGREED:**

Dated: October 20, 2026

**DAVIDOFF HUTCHER & CITRON LLP**

*/s/ Joshua Krakowsky*
Joshua Krakowsky
Robert Price
605 Third Avenue, 34th Floor
New York, New York 10158
(646) 428-3268
jsk@dhclegal.com
rp@dhclegal.com

*Counsel for Plaintiffs*

**WILSON SONSINI GOODRICH & ROSATI Professional Corporation**

*/s/ Michelle M. Dang*
Benjamin D. Margo
Michelle M. Dang
31 West 52nd Street, Fifth Floor
New York, New York 10019
Telephone: (212) 999-5800
bmargo@wsgr.com
mdang@wsgr.com

*Counsel for Defendant and Counterclaimant Gold Type Business Machines, Inc.*

This agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.

Dated: October 21, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE