**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DATAMAXX APPLIED TECHNOLOGIES, INC., KAY STEPHENSON, and STEPHANI MILLER,<br>Plaintiffs,<br><br>v.<br><br>GOLD TYPE BUSINESS MACHINES, INC. and JOHN T. AMBROSIO, ESQ., as Escrow Agent,<br><br>Defendants. | Civil Action No. 1:26-cv-01202-KPF<br><br>**STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, the parties to this action—Plaintiffs Datamaxx Applied Technologies, Inc., Kay Stephenson, and Stephani Miller, and Defendant Gold Type Business Machines, Inc. (collectively, the "Parties," and individually, a "Party")—request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any "person" subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their officers, directors, employees, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material" or "Protected Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material, including third parties or non-parties to this action, or that person's counsel may designate such material as Confidential, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party. Any Party may also designate as Confidential Discovery Material produced by another person to the extent such material contains that Party's proprietary, confidential, or competitively sensitive information, upon written notice to the other Parties.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking the protected portion as "Confidential" in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as

"Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 20 days after receiving a final copy of the deposition transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel or by the reporter. During the 20-day period following the Parties' receipt of a final copy of the deposition transcript, the entire transcript will be treated as if it had been designated Confidential. The Parties may agree to shorten this period to the extent case deadlines require.

4. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, the Party seeking to maintain the designation shall bear the burden of establishing that the designation is warranted under this Protective Order and counsel for the Parties will address their dispute to this Court in accordance with Rule 2(C)(ii) of Judge Failla's Individual Rules of Practice in Civil Cases ("Individual Rules") and Local Civil Rule 37.2.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential, such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential under the terms of this Protective Order. The producing person may also provide substitute copies of the Discovery Material bearing the Confidential designation. The receiving person must then treat the Discovery Material in

accordance with the new designation, and take reasonable steps to retrieve and destroy all copies of the previously produced version of the Discovery Material from anyone who had received it, and destroy any electronic copies of the previously produced version.

6. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the Parties to this action;

(b) counsel for the Parties, including in-house counsel, any paralegal, clerical and other assistant employed by such counsel and assigned to this matter or to whom it is reasonably necessary to disclose the information for this litigation;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that the receiving Party's counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

(e) as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

(g) any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

(h) court reporters and their staff, including stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

7. Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by inadvertent disclosure connected with this litigation. When a producing Party gives notice to a receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the Party making the claim may notify any Party that received the information of the claim and the basis for it. After being notified, a Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

8. Recipients of Protected Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Protected Material for any business, commercial or competitive

purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

9. Nothing in this Protective Order will prevent any person subject to it from producing any Protected Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 5 business days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

10. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 9 of the Individual Rules, as well as the applicable provisions of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and the Electronic Case Filing Rules & Instructions of the U.S. District Court for the Southern District of New York. The Parties acknowledge that, under Rule 9(B) of the Individual Rules, a Party's consent, or the fact that information is subject to a confidentiality agreement or designation, is not by itself a sufficient basis to overcome the presumption in favor of public access to judicial documents. The Parties shall use their best efforts to minimize such sealing.

11. Any Party intending to file with the Court Discovery Material that either Party has designated as Confidential shall provide the other Party at least five (5) days' prior written notice identifying such material. The Party seeking to maintain confidentiality shall, within that five (5) day period, take the steps necessary to seek an order from the Court permitting the material to be filed under seal or in redacted form, in accordance with Rule 9 of the Individual Rules. If no such relief is timely sought, the filing Party may file the material publicly, subject to applicable Court rules. If relief is timely sought, the material shall not be publicly filed pending the Court's determination, unless otherwise ordered by the Court.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Protected Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

13. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Protected Material itself, and not text that in no material way reveals the Protected Material, in the manner provided by Rule 9(B) and 9(C) of the Individual Rules.

14. Each person who has access to Protected Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. The producing party may redact such PII prior to production, provided the PII is not relevant to the claims or defenses

in the case. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

16. The Parties do not, by agreeing to the Protective Order, waive any objections they may have to discovery requests propounded by another Party in this case.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Protected Material, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Final disposition shall be deemed to be the later of (1) dismissal of all claims, counterclaims, and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Notwithstanding the foregoing, each Party's outside counsel of record in this action, and in-house counsel who are permitted access under Section 6(b) above, may retain one archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, subject to the continuing obligations of this Protective Order even if such materials contain Protected Material, as well as any and all emails that contain, discuss or summarize such information.

18. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED:**

Dated: October 20, 2026

**DAVIDOFF HUTCHER & CITRON LLP**

*/s/ Joshua Krakowsky*
Joshua Krakowsky
Robert Price
605 Third Avenue, 34th Floor
New York, New York 10158
(646) 428-3268
jsk@dhclegal.com
rp@dhclegal.com

*Counsel for Plaintiffs*

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**

*/s/ Michelle M. Dang*
Benjamin D. Margo
Michelle M. Dang
31 West 52nd Street, Fifth Floor
New York, New York 10019
Telephone: (212) 999-5800
bmargo@wsgr.com
mdang@wsgr.com

*Counsel for Defendant and Counterclaimant*
*Gold Type Business Machines, Inc.*

This agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.

Dated: October 21, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE